■ CDC CAPITAL INC. et al., Appellants, v PERRY GERSHON et al., Respondents. [723 NYS2d 166] —Order and judgment (one paper), Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 15, 2000, which denied petitioners' application to permanently stay an arbitration commenced by respondents, granted respondents' cross motion to compel petitioners to proceed to arbitration, and dismissed the petition, unanimously modified, on the law, to grant the petition to stay arbitration, and to deny the cross motion to compel arbitration, as to the claims against petitioners CDC Capital Inc., CDC Mortgage Capital Inc., CDC North America Inc., and Caisse des Depots et Consignations, and otherwise affirmed, without costs.

Respondents were formerly employed by the corporate petitioners (collectively, CDC Group) for the purpose of creating and managing a mortgage-backed securities business for CDC Group. During such employment, respondents, as well as the two individual petitioners, were registered with the National Association of Securities Dealers, Inc. (the NASD) as associated persons of Caisse des Depots Securities Inc. (CDC

Securities), the only corporate petitioner that is a member of the NASD. After CDC Group terminated their employment, respondents demanded arbitration before the NASD of their claims against petitioners for, *inter alia*, breach of contract and wrongful termination. Petitioners then commenced this proceeding seeking to stay the arbitration on the ground that respondents' claims do not arise out of the business of CDC Securities, the NASD-member, which allegedly was only peripherally involved in the matters for which respondents were employed.

The motion court correctly compelled arbitration of the claims against CDC Securities, the NASD-member, and the two NASD-registered individual petitioners. The NASD Code of Arbitration Procedure (the NASD Code) requires members and associated persons to submit to arbitration any claim "between or among members and associated persons" that "aris[es] out of or in connection with the business of any member of the Association, or aris[es] out of the employment or termination of employment of associated person(s) with any member" (NASD Code rule 10101; *see also*, rule 10201). Notwithstanding CDC Securities' allegedly limited role in the matters for which respondents were employed, it is undisputed that it was an employer of respondents and a member of the NASD, and, as such, subject to its Code of Arbitration Procedure, and, accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" (*Moses H. Cone Mem. Hosp. v Mercury Constr. Corp.*, 460 US 1, 24-25).

We modify, however, to stay arbitration of the claims against the corporate petitioners other than CDC Securities, which entities are not members of the NASD (the non-registered petitioners), and therefore are not bound by the NASD Code. The fact of corporate affiliation between CDC Securities and the non-registered petitioners does not, by itself, make CDC Securities' agreement to submit to arbitration of claims against itself enforceable against the non-registered petitioners (*see*, *TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335; *Thomson-CSF, S. A. v American Arbitration Assn.*, 64 F3d 773, 780). We are not persuaded by respondents' efforts to bring the non-registered petitioners within certain of the recognized common-law grounds for enforcing an arbitration agreement against a non-signatory (*see*, *id.*, at 776-780). Nor does it avail respondents to cite cases holding that, under certain circumstances, a non-registered party may require a party bound by the NASD Code to submit its claims against the non-registered party to NASD arbitration (*e.g.*, *McMahan Sec. Co. v Forum Capital*

*Mkts.*, 35 F3d 82, 87-88), since this case presents the reverse situation, in which registered parties seek to compel NASD arbitration against non-registered parties that have never assumed the obligation to arbitrate under the NASD Code. Concur—Sullivan, P. J., Tom, Lerner, Buckley and Friedman, JJ.